## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 18, 1897.

THOMAS J. CANNON
VS.
THE BRUSH ELECTRIC CO. OF BALTIMORE CITY, ET AL.

*Charles Marshall* and *Chas. M. Armstrong* for plaintiff.

*Barton & Wilmer, M. N. Packard* and *Brown & Brune* for defendant.

STOCKBRIDGE, J.—

This cause comes before the Court at this time under an agreement of counsel, to which the assent of the Court has been given, for its decision upon two questions of law which arise in the case, and such presentation of them is made under the provisions of Section 183 of Article 16 of the Code of Public General Laws.

1. Was the United States Electric Power and Light Company duly incorporated, and did it acquire and possess the power and rights of a legally incorporated company under the Laws of Maryland?

2. Is the plaintiff or any one having like interests or rights with him, or any creditor of the Company estopped

to deny the incorporation of said United States Electric Power and Light Company, as against the defendants in this case?

Naturally the second proposition is the one to be first answered, since if such estoppel exists there can be no inquiry under the terms in which the issues are presented into the validity vel non of the corporation. This is a suit by one supposed stockholder of a corporation against a number of other supposed stockholders and creditors of the corporation, in which the direct allegation is made, that the concern doing business under the name of the United States Electric Power and Light Company is not a corporation in law, and that therefore the relation of the parties to the suit to one another is not that of stockholders in a corporation, but a relation more in the analogy of partners, and the second question submitted is whether or not, in such a suit, any stockholder or creditor of the company is precluded from setting up the claim of the non-existence of the corporation. In this case the plaintiff was not merely a stockholder in the supposed body corporate, but as such had been chosen to serve and had served as one of the directors thereof, and it is urged with much force that after occupying such a relation to the company and participating in its management, the plaintiff can not now be heard in a Court of Equity, to deny the validity of the corporate existence; that even though the corporation be not a corporation de jure, it is such de facto, and the plaintiff is not in a position to deny it. The question in this exact form has not often arisen, it has more frequently come before the Courts in cases where the attempt has been made, not by a stockholder, but by the corporation itself, to deny the validity of its corporate existence in a proceeding between the corporation and a creditor, or one who had had some contractual relation with the supposed body corporate. It is of course manifest, so far as the doctrine of estoppel raised in this case is concerned, that it is the same whether it is sought to apply it to the corporation itself or to one who has stood in the attitude of a stockholder in the supposed body corporate. Upon this question of estoppel the authorities in this country are divided, there being a large class of cases which hold that a business concern having held itself out

to the public as a corporation, cannot, when a proceeding is taken against it by some one who has dealt with it upon the face of its corporate existence, set up as a defense thereto, the ground that it has no legal corporate existence. While, upon the other hand, there is the class of cases which proceed upon the theory that inasmuch as no corporation can be legally formed except by the Legislature itself, or by legislative authorization under a general law, any concern not having such legislative enactment or authorization, can set up that defense, since otherwise it would enable parties to substitute for the legislative power their own dealings, and as a corporation, and with the rights and liabilities incident to that form of existence, carry on operations never sanctioned by the legislative branch of the Government, or even in direct controvention of the settled policy of such legislative branch. Outside of Maryland the former view is the one which has been the more largely adopted, but in Maryland the second view has obtained, and the law in this State has been unmistakably laid down in the case of Boyce vs. Trustees, 46 Md. 373, when the Court says: "We think it would be extending the doctrine of estoppel to an extent not justified by the principles of public policy to allow it to operate through the conduct of the parties concerned to create substantially a de facto corporation, with just such powers as the parties may, by their acts give to it. This would be substituting the dealing of the parties for compliance with the requirements of law, and giving to them the same effect through the aid of the Courts, thus virtually through the Court's recognizing the existence of a corporation in manifest disregard of the written law." This being the law of Maryland today, I must hold, under the second issue presented, that neither the plaintiff, nor anyone having like interests or rights with him, or any creditor of the corporation, is estopped from denying the corporate existence of the United States Electric Light and Power Company.

2. Was the United States Electric Power and Light Company duly incorporated, and did it possess the power and rights of a duly incorporated company under the laws of Maryland?

The original attempt at incorporation was by a certificate dated the 28th

of October, 1881, which purported to incorporate the "United States Electric Light Company of Baltimore City" for the purpose of "manufacturing electricity for illuminating purposes and for all purposes for which electricity or magnetism may be applied, and for the sale, transportation or other disposition of the electricity so manufactured by said corporation, and also for the purpose of buying and selling dynamo electric machines for the manufacture of electricity." Following this on the 5th of September, 1885, there was executed another certificate purporting to form a corporation, under the name of the "United States Electric Lighting Company of Baltimore City." This certificate, so far as the purposes of the proposed corporation were concerned were almost identical with those of the certificate of 1881, the difference being the insertion of the word "power" as one of the purposes to which the manufactured electricity might be applied, and the addition to the buying and selling clause of the words "and all other machines, inventions or appliances connected therewith." The two corporations attempted to be formed under these two certificates were subsequently by a certificate dated the 20th of October, 1885, consolidated, under the name of the "United States Electric Power and Light Company of Baltimore City." No question now arises under that clause of the objects of the incorporation which relate to the manufacture of dynamos or electric appliances, for there is no pretense that either of the original companies, or the amalgamated company ever did as matter of fact either manufacture or attempt to deal either in dynamos or electrical appliances. The business of the company was the manufacture or generation of an electric current for transmission by means of wires to consumers of it either as light or power, and the sole question for determination under this branch of the case is, was it or not possible under the general incorporation law as it stood in 1881 and in 1885, to form a corporation under the general law for manufacture or generation of an electric current to be used for lighting? Manifestly the sole class under which it could have been so incorporated was that provision of Article 23 of the Code, which provided for the incorporation of manufacturing companies. Scientists and Courts have both disagreed upon the question whether electricity is a subject of manufacture, but without entering into that, it is sufficient to say, that in this State at least it has been distinctly held that an electric light company or an electric power company or a corporation for the purpose of furnishing an electric current to be used for light was not a purpose for which an incorporation could be had under the general law as it stood prior to 1886.

Electric Light Co. vs. Frederick, 84 Md. 599.

Edison Co. vs. Hooper, 85 Md. 112.

The original attempt at incorporation therefore, both under the certificate of 1881, and that of 1885, was abortive and no valid, legal body corporate was created in either case, and there having been no act of the legislature since the attempted incorporation validating, either directly or by implication those attempts, no valid and effectual, legal corporation existence has at any time been given to, or now inheres in the "United States Electric Power and Light Company."

No reference has been made to the Act of 1886, which specifically authorized the incorporation of electric light companies, and which now appears in the Code, since that act had no application whatever to the question presented.

An order in the nature of a decree will be signed in accordance with the foregoing views.